UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

Larry Hanley,
40-D Dinsmore Street,
Staten Island, New York  10314,

      Plaintiff,

    -versus-

Ronald Heintzman, individually and as
International President of the Amalgamated
Transit Union, AFL-CIO, CLC,
5025 Wisconsin Avenue, NW,
Washington, D.C.  20016-4139,

      Defendant.

Case No. 1:10-cv-01301 (ESH)

## FIRST AMENDED COMPLAINT

1. This is an action to enforce the right of plaintiff Larry Hanley, a candidate for the office of International President of the Amalgamated Transit Union, AFL-CIO, CLC ("ATU"), and the right of ATU members generally to a fair election for ATU International President. Plaintiff's claims arise under Section 401(c) of the Labor-Management Reporting & Disclosure Act of 1959 ("LMRDA"), 29 U.S.C. § 481(c). This Court has jurisdiction of plaintiff's claims pursuant to 29 U.S.C. § 481(c) and 28 U.S.C. § 1331.

2. Venue lies in this District pursuant to 29 U.S.C. § 481(c).

## PARTIES

3. Plaintiff Hanley is a longtime member of and activist in the ATU. For more than fifteen years (1987-2002), he served as the elected President of ATU Local 726, which is based in Staten Island, New York. He was employed by the ATU as an International Representative from July 1, 2002 to February 1, 2004. Since February 1, 2004 through the present, he has served as a Vice President of the ATU. As a Representative and now as a VP, he has worked out of his house in Staten Island. Hanley is a candidate for the office of ATU International President in an election to be conducted on or about September 30, 2010.

4. Defendant Ronald Heintzman is the International President of the ATU. He is sued in his official capacity and in his individual capacity.

## FIRST CAUSE OF ACTION

5. The ATU is an international labor union which represents both private sector and public sector employees in dealings with employers concerning the wages, hours and working conditions of employees. The headquarters (principal offices) of the ATU are located at 5025 Wisconsin Avenue, NW, Washington, D.C. 20016-4139. There are approximately 270 local labor organizations throughout the United States and Canada affiliated with the ATU. Some ATU Locals are composed entirely of public sector employees. Some are composed exclusively of employees employed in Canada. Others are composed at least in part of private employees employed in the United States. The ATU is a labor organization within the meaning of LMRDA Sec. 3(i), 29 U.S.C. § 402(i).

6. The "General Officers," i.e., principal officers, of the ATU are its International President, Secretary-Treasurer and Executive Vice President. There are also eighteen Vice Presidents who together comprise the union's General Executive Board.

7. The incumbent President, Secretary-Treasurer and Executive Vice President are Ronald Heintzman, Oscar Owens and Randy Graham, respectively. Each of them is running for re-election together on the same slate of candidates. A majority of the incumbent Vice Presidents are politically aligned with Heintzman and, like Owens and Graham, are running for re-election on the slate headed by Heintzman.

8. Earlier this year, Hanley decided to run for the office of ATU President. In the last week of May, 2010, Hanley wrote by first class mail to presidents of local unions affiliated with the ATU announcing his candidacy. Hanley is and, at all times relevant to this action, has been a bona fide candidate for the office of International President within the meaning of 29 U.S.C. § 481(c).

9. Officers of ATU Local unions play the dominant role in electing the ATU President. The President is elected by balloting among the Delegates to the ATU General Convention. Each ATU Local chooses its own Delegates and each Delegate is entitled to one vote. The number of Delegates a Local is entitled to send to the convention depends upon the size of its membership. A Local with up to 300 members is entitled to one delegate, one with up to 650 members two delegates, one with up to 950 members three delegates and one with up to 1,250 members four delegates. A Local is entitled to one additional delegate for each additional 400 members or fraction thereof. Thus, for example, a Local with 1,300 members is entitled to five delegates. In many Locals, an election of a member as a Local officer constitutes an election of that same

person as a Delegate to any ATU General Convention occurring during the Local officer's term of office. Other Locals conduct a separate election for Delegates. Even where Delegate elections are conducted separately, Local officers are usually elected as Delegates in a large majority of the cases. Such separate elections in connection with the September 30, 2010 election of ATU officers must be completed by no later than August 29, 2010. In various Locals, there will be discussion(s) in advance of the convention as to which candidate(s) for international office the Local's Delegates should support at the convention. The views of Local officers are almost always influential among Local members participating in such pre-convention discussions.

10. President Heintzman, like each of the two other principal ATU officers, has had personal contact with far more officers of ATU Locals than Hanley has had as a Vice President and is known to Local officers far better than is Hanley. (Prior to being President, Heintzman was the ATU's Executive Vice President and enjoyed this same advantage in that position.) The duties of a VP are determined by the President. Hanley's duties as a VP primarily involved assisting certain Locals in collective bargaining negotiations and in working on Local political issues. As a VP, he had virtually no meaningful contact with any officer from almost 200 of the 270 ATU Locals.

11. Running against the incumbent President in the foregoing circumstances, it is particularly important to make one's ideas and views known to Local officers in advance of the convention. (As used in this Complaint, the term "Local officers" refers to the officials defined by Section 13.6 of the Constitution as Local officers: "The officers of a L.U. shall consist of a president-business agent, vice president, recording secretary, financial secretary, and a treasurer and an executive board

composed of not less than two (2) other members in addition to the executive officers." A Local may, if it chooses, combine the offices of recording secretary, financial secretary and/or treasurer. (Id.). In a limited number of Locals, the position of Business Agent may be combined with that of Recording Secretary or with that of Financial Secretary. (Id.). In sum, even if a Local has chosen to combine offices as permitted by the Constitution, it will have at least four officers. In fact, in the larger ATU Locals, it is not uncommon for there to be more than a dozen officers.)

12. Toward this end, Hanley prepared a letter setting forth ideas and plans he would seek to implement if elected as ATU President with the intention of distributing this letter to all Local officers. On July 22, 2010, Hanley sent Heintzman a letter stating that he had prepared a candidate letter which he wished to distribute to all Local officers by use of the ATU's e-mail list(s), that he was planning to use an identified vendor for the distribution, that the vendor would not disclose the names or addresses of the persons to whom the letter was to be sent and that Hanley would pay the costs of the mailing. He asked that President Heintzman advise him by July 26 if Heintzman was complying with his request and, if so, that Heintzman provide to the vendor by July 27 the union's list of the names and e-mail addresses of all ATU Local officers. Plaintiff's request to use the ATU's list(s) of members to distribute campaign literature was reasonable within the meaning of 29 U.S.C. § 481(c).

13. Heintzman did not reply to Hanley's letter by July 26 nor provide to the designated vendor any names or e-mail addresses. Instead, by letter sent in the afternoon of July 27, President Heintzman refused to comply with Hanley's request. Defendant's failure and refusal to comply with plaintiff's request to provide a list of the

names and e-mail addresses of all officers of ATU Locals within the possession, custody or control of the ATU violates 29 U.S.C. § 481(c). Said failure and refusal, if not remedied by prompt injunctive relief, will cause irreparable injury for which there is no adequate remedy at law.

## SECOND CAUSE OF ACTION

14. Plaintiff repeats and incorporates herein Paragraphs 1-13 supra.

15. Section 481(c) prohibits a labor organization and its officers from discriminating "in favor of or against any candidate [for union office] with respect to the use of lists of members." Notwithstanding this prohibition, defendant has used and, if not restrained or enjoined, will continue to use lists of ATU members in favor of Heintzman's candidacy for International President and against Hanley's candidacy for the same office, all at no cost to Heintzman.

16. By way of example, defendant has used lists of ATU members to disseminate to the ATU membership both by regular mail and by e-mail "In Transit," the official journal of the ATU, which publication discriminates in favor of candidate Heintzman with respect to the forthcoming election. Also by way of example, defendant has used lists of ATU members to distribute to ATU members cards containing a single photograph (of Heintzman) specifically identifying Heintzman as International President and then providing the message: "The future holds many challenges for the ATU and with your help and support, we will keep our union strong!" This too has been without financial cost to Heintzman.

17. Dissemination of such literature to ATU members by use of lists of ATU members constitutes discrimination in favor of candidate Heintzman and against

candidate Hanley with respect to the use of lists of members in violation of 29 U.S.C. § 481(c). Such discrimination, if not remedied by meaningful injunctive relief, will cause irreparable injury for which there is no adequate remedy at law.

RELIEF

WHEREFORE plaintiff requests the following relief:

A. An order requiring defendant Heintzman to provide to the e-mail vendor designated by plaintiff, within forty-eight (48) hours of the making of the order, the names and e-mail addresses of all officers of ATU Locals in the possession, custody or control of the ATU, to be used for the e-mailing at plaintiff's expense of his campaign literature in support of his candidacy for the office of International President of the ATU;

B. Preliminary and permanent injunctive relief requiring defendant to comply with any reasonable request by plaintiff to distribute campaign literature to ATU members at plaintiff's expense in support of his candidacy for ATU President in connection with the election scheduled to be conducted on September 30, 2010;

C. Preliminary and permanent injunctive relief prohibiting defendant from using or attempting to use any list(s) of ATU members to disseminate, by regular mail, e-mail or otherwise, communications, including but not limited to "In Transit," which discriminate in favor of Heintzman's candidacy and/or against Hanley's candidacy for the office of International President;

D. Preliminary and permanent injunctive relief requiring defendant to publish an issue of "In Transit" at least ten (10) days prior to the election for International President containing communications from Hanley favoring his candidacy of a length and

kind equivalent to the communications which have appeared in "In Transit" favoring Heintzman's candidacy for that office;

    E. An order to show cause advancing the return date of plaintiff's motion for injunctive relief;

    F. Awarding to plaintiff costs, disbursements and reasonable attorney's fees; and

    G. Awarding to plaintiff such other and further relief as may be just and appropriate.

Dated: August _19_, 2010

Respectfully submitted,

BUTSAVAGE & ASSOCIATES

By: _____
    Carey Butsavage
1920 L Street, N.W., Suite 301
Washington, D.C. 20036
(202) 861-9700

GLADSTEIN, REIF & MEGINNISS, LLP

By: _____
    James Reif
    Beth M. Margolis
817 Broadway, 6th Floor
New York, New York 10003
(212) 228-7727

Attorneys for Plaintiff