UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

Larry Hanley,
40-D Dinsmore Street,
Staten Island, New York 10314,

        Plaintiff,

v.

Ronald Heintzman, individually and as
International President of the Amalgamated
Transit Union, AFL-CIO, CLC
5025 Wisconsin Avenue, N.W.
Washington, D.C. 20016,

        Defendant.

Case No. 1:10-cv-01301 (ESH)

**ANSWER TO FIRST AMENDED COMPLAINT**

1. Admitted only that this court has jurisdiction over this action; denied as to the other allegations.

2. Admitted.

3. Admitted.

4. Admitted that Defendant is the International President and that the Amended Complaint purports to sue him in his official and individual capacities. Any implication that it is appropriate to sue a union officer in his official capacity under 29 U.S.C. § 481(c) is denied.

5. Admitted.

6. Admitted.

7. Admitted only that Defendant is running for the office of President; as to the balance of paragraph 8, Defendant lacks sufficient information to admit or deny.

8. Admitted only as to the first and last sentence; as to the balance of paragraph 8, Defendant lacks sufficient information to admit or deny.

9. As to the allegations in paragraph 9 that relate to the rules governing the election of ATU officers by delegates at the convention, Defendant avers that those rules are set forth in the ATU Constitution and Bylaws ("ATU Constitution"), which speaks for itself. As to the other allegations, Defendant admits that separate delegate elections are to be completed by no later than August 29, 2010 and that in many locals, election of a member as a local union officer constitutes an election of that same person as Delegate to any ATU General Convention occurring during the local officer's term of office. The balance of paragraph 9 consists of Plaintiff's conclusory characterizations of the facts as to which no response is necessary; to the extent a response is required, Defendant denies those characterizations.

10. Denied.

11. This paragraph consists of argument, as to which no response is required and of characterizations of the ATU Constitution, which speaks for itself.

12. Denied as to the first and last sentences. The balance of paragraph 11 consists of characterizations of various pieces of correspondence that speak for themselves.

13. Denied.

14. Defendant incorporates by reference the answers to paragraphs 1-13.

15. The first sentence states a legal conclusion as to which no response is necessary. Defendant denies the balance of paragraph 15.

16. Denied.

17. Denied.

## AFFIRMATIVE DEFENSES

1. The complaint fails to state a claim on which relief may be granted.

2. The complaint seeks certain relief that is beyond the scope of the relief allowed by 29 U.S.C. § 481(c), which is the provision of the Labor-Management Reporting and Disclosure Act ("LMRDA") on which plaintiff is suing.

3. On Plaintiff's apparent construction of 29 U.S.C. § 481(c), which is erroneous, that provision would conflict with the First Amendment by authorizing prior restraints and other impermissible restrictions on the free speech rights of labor organizations.

4. The complaint seeks remedies that, under 29 U.S.C. § 483, a court lacks the authority to provide in a private enforcement suit.

5. The action is barred by the doctrine of unclean hands.

6. The first cause of action is moot and is barred by the doctrines of settlement and release and accord and satisfaction.

WHEREFORE, Defendant prays that Plaintiff take nothing by this action and that Defendant be awarded costs and all other appropriate relief.

Respectfully submitted,

*/s/ Leon Dayan*
Jeffrey R. Freund
Leon Dayan
Bredhoff & Kaiser, P.L.L.C.
805 Fifteenth St., N.W.
Washington, D.C. 20005
Telephone:   (202) 842-2600
Facsimile:    (202) 842-2600
E-mail:        JFreund@Bredhoff.com
                 LDayan@Bredhoff.com

Counsel for Defendant